| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>        Petitioner,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. 2:21-cv-00987-JAM-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 6<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF No. 1 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner is a state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

| | |
|---|---|
| 1 | I have read the petition and, despite my best efforts, cannot understand the scope of the claims. Petitioner did not use the court's habeas form, and the petition is not subdivided by claim. Petitioner mentions the possibility that his trial counsel provided ineffective assistance, ECF No. 1 at 3, contends that the prosecution's witnesses lied under oath, *id.* at 2-3, argues that DNA evidence will exonerate him, *id.* at 4, and alleges that the photo line-up in which the victim identified him was unconstitutional, *id.* at 5-6. None of these is sufficiently contextualized, however. The petition's remaining pages are devoted to raising other arguments and potential claims. *Id.* at 6-12. Whether petitioner has exhausted any of these potential claims by presenting them to the California Supreme Court is not addressed. I will give petitioner leave to amend before recommending that this action be dismissed. If he files an amended petition, it should be submitted on the habeas form sent with this order. |

I will grant petitioner's application to proceed *in forma pauperis*, ECF No. 2, and deny his motion for appointment of counsel, ECF No. 6. There is no right to counsel in habeas proceedings. *See, e.g.*, *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). In determining whether the interests of justice favor appointing counsel, I must weigh the petition's likelihood of success and petitioner's ability to represent himself. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). As explained above, the petition does a poor job of explaining the nature and number of claims at issue. Therefore, I cannot evaluate the likelihood that the petition will succeed on the merits. The motion for appointment of counsel is denied without prejudice.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 2, is granted.

2. Petitioner's motion for appointment of counsel, ECF No. 6, is denied without prejudice.

3. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

4. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated: _June 24, 2021_                    _____
                                          JEREMY D. PETERSON
                                          UNITED STATES MAGISTRATE JUDGE