UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | Case No. 2:21-cv-00987-JAM-JDP (HC) |
| Petitioner, | ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIMS AND RECOMMENDING THAT IT BE DISMISSED WITHOUT LEAVE TO AMEND |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | ECF No. 12 |

Ronald Eugene James, a county jail inmate proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. I could not tell what claims he intended to raise in his initial petition, and so I offered him the opportunity to amend. ECF No. 8. Petitioner has filed an amended petition, ECF No. 12, that contains only non-cognizable claims. I recommend that this action be dismissed.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner's claims relate to ongoing state criminal proceedings. ECF No. 12 at 2. He states that he is awaiting trial and that the prosecution is withholding DNA evidence that would exonerate him. *Id.* Under the Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must abstain from hearing a suit if:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Here, all four elements are met and this court should abstain from hearing petitioner's claims. First, there are, as plaintiff admits, state-initiated criminal proceedings ongoing against him. Second, those criminal proceeding implicate important state interests. *See Rose v. Mitchell*, 443 U.S. 545, 585 (1979) ("Nowhere has a proper respect for state functions been more essential to our federal system than in the administration of criminal justice.") (internal quotation marks omitted). Third, there is no claim or evidence that petitioner could not raise his claims in state court, first at trial and then, if necessary, on direct appeal or in a state habeas petition. Fourth, litigating petitioner's claims in this court would interfere with the ongoing state proceedings. Claims raised in this petition might be addressed concurrently in state court and contradictory holdings could be reached.

It is therefore RECOMMENDED that the amended petition, ECF No. 12, be dismissed without leave to amend.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: __August 13, 2021__            _/s/ Jeremy Peterson_
                                     JEREMY D. PETERSON
                                     UNITED STATES MAGISTRATE JUDGE